[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 19, 1996
The plaintiffs, Katherine and Joseph Cizynski, brought an action to foreclose a mortgage securing a note executed by defendant Michael Tartantino individually and as president of Old Greenwich Restaurant Corp. on August 28, 1995. The note and mortgage were issued to KJC, Inc. to purchase a restaurant. The defendant filed an answer, a two-count counterclaim, special defenses and a set-off on November 15, 1995. The counterclaim alleges fraud and a violation of Connecticut Unfair Trade Practices Act, General Statutes § 42-110b(a). The plaintiff filed a motion to strike the second count of the counterclaim (#108) on December 27, 1995. The defendant filed a memorandum of law in opposition on January 26, 1996, the plaintiff filed a supplemental memorandum on February 8, 1996, and the defendant filed a memorandum in opposition on February 21, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
The counterclaim alleges that the plaintiffs made certain representations as to the suitability of the premises which were memorialized in a Purchase Agreement. The agreement included warranties and representations, but the premises were deficient and caused the defendant damages. The counterclaim also alleges that the agreement contained an indemnification and setoff clause which the plaintiffs refuse to honor.
The plaintiffs first argue that there is no allegation of unfair competition or consumer injury. The defendant cites LarsenChelsey Realty Co. v. Larsen, 232 Conn. 480, 656 A.2d 1009
(1995), in response. Larsen provides, "`CUTPA is not limited to conduct involving consumer injury' and `a competitor or other business person can maintain a CUTPA cause of action without showing consumer injury.'" Id., 496; citing McLaughlin Ford, Inc.CT Page 5148v. Ford Motor Co., 192 Conn. 558, 473 A.2d 1185 (1984). The court stated clearly that a CUTPA action will stand without an allegation of consumer injury, and is not limited to actions by competitors, but includes other business persons.
In its supplemental memorandum, the plaintiffs argue that pursuant to several Superior Court decisions, CUTPA does not apply to a one-time sale of a business by one not engaged in the business of selling businesses. The defendant responds that the Superior Courts are split, but the better-reasoned decisions hold that a one-time transaction can be sufficient to state a claim for CUTPA.
No appellate court has decided the issue, the Superior Courts are split. CUTPA provides, "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes §42-110b(a). "CUTPA was designed by the legislature to put Connecticut in the forefront of state consumer protection."Heslin v. Connecticut Law Clinic of Trantolo Trantolo,190 Conn. 510, 515, 461 A.2d 938 (1983). CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals. Web Press Services Corp. v. New LondonMotors, Inc., 203 Conn. 342, 354, 525 A.2d 57 (1987). A single act may serve as the basis of a CUTPA violation. Daddona v.Liberty Mobile Home Sales, Inc., 209 Conn. 243, 257-59,550 A.2d 1061 (1988).
Courts cite the following reason for refusing to permit a cause of action under CUTPA for the sale of a business by one not engaged in that business: "the basic policy of [CUTPA] `was to regulate business activities with the view to providing . . . a more equitable balance in the relationship of consumers to persons conducting business activities.'. . . [T]he effect of applying [CUTPA] to a one-shot deal such as this would give `superior rights to only one of the parties, even though as nonprofessionals both stand on an equal footing.'" Keeler v.Deuth. Superior Court, judicial district of Waterbury, Docket No. 83941 (September 2, 1988) (Healey, J.) (striking CUTPA count alleging misrepresentations made during sale of newspaper business in suit on a note), quoting Lantner v. Carson,373 N.E.2d 973, 977 (Mass. 1978). See also McCarthy v. Fingelly,
Superior Court, judicial district of Fairfield, Docket No. 268839, 4 CONN.L.RPTR. 177 (May 28, 1991) (suit involving lease of home by private individual: "CUTPA cannot be read to cover a CT Page 5149 single transaction between individuals which is not in the ordinary course of a trade or business. The intent of CUTPA is to punish those who conduct trade or business in an unscrupulous fashion."); Larson Skiba Associates v. CC Package Store, Inc.,
Superior Court, judicial district of Hartford, Docket No. 530707, 10 CONN.L.RPTR. 441 (Dec. 13, 1993) (Corradino, J.); Barraco v.Ethel Allan, Inc., Superior Court, judicial district of Stamford/Norwalk at Norwalk, Docket No. 9008-1801, 6 CONN.L.RPTR 176 (Feb. 6, 1992) (Leheny, J.).
The decisions permitting a CUTPA claim under the same circumstances argue that CUTPA should be construed liberally.Jamison v. Artinian, Superior Court, judicial district of New London, Docket No. 507709 (March 28, 1989) (Hendel, J.). One court looked to the definition of trade and commerce in the statute, which provides, "the advertising, sale or rent or lease, offering for sale or rent or lease, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value." General Statutes § 42-110a(4). After analyzing the word "any" in a statutory context, the court reasoned that "the obvious intent of the statute is to cover the sale of any property, real or personal," and permitted a CUTPA claim in a one-time sale of real estate. Geltman v. Ciardiello, Superior Court, judicial district of New Haven, Docket No. 245283 (Nov. 23, 1987) (Reynolds, J.); Becher v. Seifel, Superior Court, judicial district of Litchfield, Docket No. 068680 (Nov. 27, 1995) (Pickett, J.) (permitting CUTPA claim in one-time lease of apartment containing hazardous level of lead paint). The defendant also urges the court to consider that the allegation concerns the plaintiffs' failure to maintain the restaurant according to health, safety, and building codes applicable to it, which is a part of conducting the restaurant business, and that by misrepresenting the condition of the restaurant, they engaged in unfair and deceptive acts in the conduct trade or commerce.
Accordingly, the motion to strike is denied.
HICKEY, J. CT Page 5149-A